# Tyler Frazier Snead, Administrator, etc.

## v.

# Leopoldo L. Bendigo

Record No. 900423

November 9, 1990

Present: All the Justices

*Jerry R. Tiller (Tiller & Tiller*, on brief), for appellant.
*William W. Eskridge (Richard E. Ladd, Jr.; Penn, Stuart, Eskridge & Jones*, on brief), for appellee.

JUSTICE RUSSELL delivered the opinion of the Court.

This appeal requires us to decide whether a judgment in favor of a physician in an action to collect fees operates as a collateral estoppel bar against a later malpractice action by the patient against the physician. We conclude that it does not.

The essential facts are undisputed. In 1984, Guy Finney Snead (the patient) suffered a broken leg in an automobile accident. He obtained medical treatment from Leopoldo L. Bendigo, M.D. In 1987, after the patient had failed to pay the physician's bill for these services, Dr. Bendigo filed a notice of motion for judgment against him in the General District Court of Russell County. The notice of motion simply advised the patient that the sum of $2,782 was "justly due the undersigned by open account." The pleading was accompanied by a statement of account verified by an affidavit, all of which were served on the patient. The patient filed no pleadings.

On the return day of the notice of motion, the physician's attorney appeared and the patient appeared without counsel. No witnesses were sworn and no testimony was taken. The judge asked the patient if he owed the physician the money claimed, and the patient replied: "I didn't feel like I owed it, . . . he had done me more damage than he did good." The court asked the physician's attorney to discuss the matter with the patient outside the courtroom. At that point, the attorney ascertained that $100 had been paid on the account and agreed to reduce the claim by that

amount. The two returned to the courtroom and the court entered judgment against the patient for $2,682. No appeal was taken, and the judgment is final.

Four months later, the patient brought the present action against the physician in the Circuit Court of Russell County, claiming $200,000 in damages for alleged medical malpractice arising out of the treatment of his leg injury. The physician filed a plea of collateral estoppel. The court, in a written opinion, held that the issue of the physician's negligence had been litigated in the general district court and decided adversely to the patient. Sustaining the plea, the court dismissed the malpractice case by order entered January 11, 1990. We awarded the patient's administrator an appeal.*

Because the physician's action to recover a debt due on open account and the patient's action to recover for malpractice arose out of different causes of action, no contention is made that the bar of *res judicata* applies. Rather, the physician argued, and the trial court found, that the second action was barred by the principles of collateral estoppel.

Under those principles, which apply when different causes of action are involved, the parties to the first action and their privies are barred from re-litigating any issue of fact *actually litigated* and essential to a valid, final, personal judgment in the first action. *Hampton Roads San. Dist.* v. *City of Va. Beach*, 240 Va. 209, 213, 396 S.E.2d 656, 658 (1990); *Bates* v. *Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). The requirement that an issue must have been the subject of actual rather than potential litigation is one of the features distinguishing collateral estoppel from *res judicata*. *See id.* at 670-71, 202 S.E.2d at 920-21.

When the facts of the present case are examined in light of that requirement, it becomes apparent that the issue of the physician's negligence was not actually litigated in the debt-collection case in the district court. Although district court procedures are comparatively informal, certain requirements are imposed by statute.

Code § 8.01-28 provides that when, in an action on a note or contract, express or implied, an affidavit is filed with the plaintiff's pleading and served with a copy of any account sued on, the plaintiff "shall be entitled to a judgment on such affidavit and state-

---

* The patient died intestate while this action was pending in the circuit court. Tyler Frazier Snead qualified as the patient's administrator and the action was revived in the adminstrator's name.

ment of account without further evidence unless the defendant appears and *pleads under oath* denying that the plaintiff is entitled to recover . . . ." (Emphasis added.) The final sentence of the statute and the appended revisers' note make it evident that the legislative purpose is to place upon the defendant the burden of filing a *written* pleading under oath, denying his indebtedness, if he wishes to preclude the entry of judgment on the affidavit without further evidence.

■ In the present case, the defendant patient in the debt-collection case neither filed a pleading under oath denying his indebtedness nor filed a counterclaim putting the physician's negligence in issue. Although a sworn, written, denial based on negligence might have put negligence in issue defensively and a counterclaim asserting negligence might have put it in issue affirmatively, the defendant did not put it in issue at all. A matter not in issue cannot be "actually litigated."

■ Under Code § 8.01-28, the general district court had no alternative but to enter judgment on the affidavit in the plaintiff's favor, less the acknowledged credit. The judgment was in the nature of a default. In the absence of a sworn denial in writing, no issues of fact were presented to the district court for adjudication except those appearing on the face of the plaintiff's pleadings, account, and affidavit. Negligence was not among them.

■ Because the issue of the physician's negligence was not "actually litigated" in the debt-collection case, the trial court erred in holding the malpractice case barred by collateral estoppel. Accordingly, we will reverse the judgment and remand the malpractice case for further proceedings.

*Reversed and remanded.*