# Dual & Associates, Inc.

## v.

## Jo-Ann Wells

Record No. 900739

April 19, 1991

Present: All the Justices

*Raymond D. Battocchi* for appellant.
*Victor M. Glasberg* for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court correctly applied the doctrine of collateral estoppel in this litigation, which involves bitter business and personal disputes among family members.

Kelvin Dual filed a complaint in the United States District Court for the Eastern District of Virginia against Dual & Associates, Inc. in 1988. Kelvin alleged that he was entitled to ownership of 20% of the stock in Dual & Associates, a Maryland corporation licensed to do business in Virginia. Dual & Associates filed an answer and counterclaim, and alleged in its counterclaim that Kelvin Dual, Evelyn Dual, and Jo-Ann Wells were "co-conspirators" who committed certain torts against the corporation, breached "fiduciary duties and duties of loyalty" to the corpora-

tion, misappropriated corporate assets, and breached contracts that they had made with the corporation.[1]

The federal court severed the counterclaim, and Kelvin and Dual & Associates proceeded to litigate Kelvin's claims. Dual & Associates filed a motion to dismiss the federal suit because Jo-Ann was an indispensable party. In response, Kelvin filed a pleading captioned "Affirmance of Jo-Ann Wells" which was signed by Jo-Ann, in which she stated:

> I hereby knowingly and voluntarily state, as a judicial declaration binding upon me for all purposes and in all forms, that I shall be bound by a ruling of this court that Kelvin has not made out a *prima facie* claim for stock; provided only that if such ruling is successfully appealed by Kelvin I will not be bound by it any more than he is. I understand that if the court rules that Kelvin has not made out a *prima facie* claim for stock, I shall be forever barred from asserting any claim for stock myself (barring a successful appeal by Kelvin, as noted).

The federal court, sitting without a jury, heard evidence relating to Kelvin's claim of stock ownership. One of the affirmative defenses which Dual & Associates asserted in an effort to defeat Kelvin's claim for stock ownership was that Kelvin had "unclean hands" because of conduct which was described in the counterclaim. The federal court made a factual finding that there was not "any compelling evidence of unclean hands."

Ultimately, the federal court litigation between Kelvin and Dual & Associates was settled. A judgment of $10,823 was entered against the corporation on Kelvin's claim. A judgment of $17,500 was entered in favor of the corporation on its counterclaim against Kelvin. The court permitted the corporation to withdraw, with prejudice, certain claims provided it paid Kelvin $16,207 in legal fees and $2,150 in costs. The court's amended final order was appealed to, and dismissed by, the United States Court of Appeals for the Fourth Circuit.

Dual & Associates filed an amended motion for judgment against Jo-Ann and Evelyn in the Circuit Court of Arlington

---

[1] J. Fred Dual, Jr., founder, president and majority shareholder of Dual & Associates, Inc., is the brother of Jo-Ann Wells and Kelvin Dual. At the time of the federal proceeding, J. Fred Dual was the husband of Evelyn Dual.

County while the federal proceeding was pending.[2] Dual & Associates alleged that Jo-Ann, Evelyn, and Kelvin were "co-conspirators" and had breached "fiduciary and loyalty duties" owed to the corporation and breached contracts with the corporation. Jo-Ann filed an "answer to amended motion for judgment."[3] Jo-Ann filed a "plea in bar or, in the alternative, motion for partial summary judgment on the basis of former adjudication." The trial court reviewed the record, considered memoranda of law and argument of counsel, and granted Jo-Ann's motion on the basis of collateral estoppel.[4] Dual & Associates took a voluntary non-suit of all claims which were not dismissed.

█ Dual & Associates contends that the trial court erred when it granted Jo-Ann's motion for partial summary judgment because collateral estoppel does not apply. We agree. We have said that:

> *Collateral estoppel* is the preclusive effect impacting in a subsequent action based upon a collateral and *different cause of action*. In the subsequent action, the parties to the first action and their privies are precluded from litigating any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action.

*Bates* v. *Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974) (emphasis in original; footnotes omitted).

█ Collateral estoppel cannot be asserted as a bar by a person who was a stranger to the prior litigation. *Dotson* v. *Harman*, 232 Va. 402, 405, 350 S.E.2d 642, 644 (1986). "[A]ccording to the principle of mutuality, to which there are exceptions, a litigant is generally prevented from invoking the preclusive force of a judgment unless he would have been bound had the prior litigation of the issue reached the opposite result." *Norfolk & Western Railway Co.* v. *Bailey Lumber Company*, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980). Additionally, collateral estoppel is only

---

[2] Dual & Associates subsequently settled its claims against Evelyn.

[3] Virginia procedure does not recognize an "answer" to a motion for judgment. Rather, the proper pleading is a "grounds of defense."

[4] The trial court dismissed Count I of the amended motion for judgment which alleged a conspiracy. Counts II-IV of the amended motion for judgment, which allege intentional torts, were dismissed as to all claims alleged to have arisen through November 17, 1986, and as to all claims stated against persons other than Jo-Ann. The court dismissed Count V of the amended motion which alleged breaches of implied or express promises to repay money owed to the corporation.

applicable to issues which were actually litigated in the former proceeding.

> [W]hen different causes of action are involved, the parties to the first action and their privies are barred from relitigating any issue of fact *actually litigated* and essential to a valid, final, personal judgment in the first action . . . . The requirement that an issue must have been the subject of actual rather than potential litigation is one of the features distinguishing collateral estoppel from *res judicata*.

*Snead* v. *Bendigo*, 240 Va. 399, 401, 397 S.E.2d 849, 850 (1990) (emphasis in original).

Collateral estoppel cannot be asserted as a bar to Dual & Associates' claims against Jo-Ann because she was not a party to the federal litigation. She would not have been bound by a judgment entered in that lawsuit. Even though Jo-Ann signed an "Affirmance" in the federal litigation, she only agreed to be bound by an adverse determination that Kelvin did not own stock in the corporation. She did not, however, agree to be bound by any adverse ruling against Kelvin relating to the counterclaim that had been filed against him in the federal litigation. Additionally, even though the federal court found that Kelvin did not have "unclean hands" and therefore did not conspire with Jo-Ann and Evelyn, the issue of whether Jo-Ann and Evelyn conspired to commit certain acts against the corporation was not actually litigated. Therefore, the federal judgment has no preclusive effect in the state proceeding, and the trial court should have denied Jo-Ann's motion for partial summary judgment. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*