**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JAMES L. WAUBEN,
Debtor.

WATERGATE AT LANDMARK
CONDOMINIUM UNIT OWNERS
ASSOCIATION; WATERGATE AT
LANDMARK CONDOMINIUM UNIT

OWNERS ASSOCIATION BOARD OF
DIRECTORS,
Plaintiffs-Appellees,

v.

JAMES L. WAUBEN,
Defendant-Appellant.

No. 96-1427

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-95-1776-A, BK-94-12180-AB)

Argued: January 28, 1997

Decided: August 5, 1997

Before ERVIN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished opinion. Senior Judge Phillips wrote the
opinion, in which Judge Ervin and Judge Hamilton joined.

_____

**COUNSEL**

**ARGUED:** Christopher S. Moffitt, LEITNESS & ASSOCIATES, P.C., Alexandria, Virginia, for Appellant. John Joseph Calkins, SONNENSCHEIN, NATH & ROSENTHAL, Washington, D.C., for Appellees. **ON BRIEF:** Michael A. Schlanger, Amy L. Bess, SONNENSCHEIN, NATH & ROSENTHAL, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PHILLIPS, Senior Circuit Judge:

James Wauben, a debtor in bankruptcy, appeals from a district court judgment affirming a bankruptcy court determination that because a judgment against him was for a debt for money procured by fraud, it was nondischargeable under 11 U.S.C.§ 523(a)(2). We affirm.

I.

In November 1992, Watergate at Landmark Condominium Unit Owners Association and Watergate at Landmark Condominium Unit Owners Association Board of Directors ("Watergate") brought an action in the Circuit Court for the City of Alexandria (Virginia) alleging that Wauben, Wauben's solely owned business, and two other corporate defendants had defrauded Watergate in the sale of a telephone system. After amendment, the complaint contained counts for actual and constructive fraud. Following a bench trial, the state Circuit Court (Kent, J.) issued a letter ruling which found that Watergate had been "fraudulently induced" to purchase the telephone system by Wauben and his solely owned company and had suffered damages in

the amount of $241,711.50 plus interest and costs. Judgment accordingly was entered against those defendants jointly.

Following an unsuccessful attempt by Wauben to obtain discretionary review of the judgment by the Supreme Court of Virginia, Watergate began efforts to collect the judgment. While these efforts were underway with only limited success, Wauben filed for bankruptcy under 11 U.S.C. § 7. Watergate thereupon commenced this adversary proceeding in the bankruptcy court seeking to have the bankruptcy court declare nondischargeable as a debt for money procured by actual fraud the $236,210.10 then remaining unpaid on its judgment against Wauben, invoking 11 U.S.C. § 523(a)(2)(A) which makes nondischargeable debts for money obtained by "false pretenses, false representations or actual fraud."

Before the bankruptcy court, Wauben contended that the letter ruling of the Virginia court did not specify whether Wauben's "fraud" as found by the court was actual or constructive. In support, he argued that the state court did not make factual findings of actual fraud's essential elements of knowledge and intent to deceive. Therefore, the contention went, under applicable preclusion principles the state court adjudication did not preclude Wauben from litigating the issue of actual fraud before the bankruptcy court. Wauben then sought leave to introduce evidence that he did not commit actual fraud, specifically by proving that Watergate's witnesses misrepresented the facts at the state trial.

At this point, Watergate moved for a stay of discovery and for an order allowing it to seek in the state trial court an order clarifying the latter court's letter ruling concerning Wauben's knowledge and intent, hence whether his fraud, as found by the state court, was constructive or actual. The bankruptcy court granted Watergate's motion, and Watergate then filed in the state trial court a motion under Va. Code. Ann. § 8.01-428(B) for clarification of that court's letter ruling respecting the nature of Wauben's fraud. At a hearing on this motion, the state court made comments which Wauben now concedes indicated that the court considered that its judgment was entered on the basis of actual fraud. J.A. 421; Appellant's Br. at 4. Notwithstanding these oral indications, the state court, however, declined to make a

3

formal clarification as sought by Watergate. Specifically, the court opined by letter that:

> The Plaintiffs are seeking an order of this Court modifying a final decree entered on March 8, 1994, under the provisions of § 8.01-428B of the Code. The Court finds that this Code provision is inapplicable since there was no oversight or inadvertent omission in the letter opinion or order. It is clear from the record, letter opinion and order that the defendant was found liable on the basis of fraud. This Court is without authority to enter any further order.

J.A. 431.

Following this non-ruling, Watergate moved in the bankruptcy court for summary judgment on the basis that under collateral estoppel principles and as a matter of law on the record now before the court, the judgment debt was established by the state court judgment as one for money procured by actual fraud, hence was nondischargeable in bankruptcy. In support, Watergate relied upon the pleadings and evidence in the state case, including the two letter rulings of the state court and the comments of Judge Kent both at trial and on Watergate's motion to clarify.

The bankruptcy court granted Watergate's motion, concluding as a matter of law that the Virginia court had found actual fraud, thereby preclusively determining that the judgment debt was nondischargeable. In so concluding, the bankruptcy court expressly relied upon the state trial court record, Judge Kent's comments in connection with Watergate's post-judgment clarification motion, and the fact that Judge Kent's "fraudulently induced" language--as contained in his letter ruling on the merits--clearly articulated a finding of actual fraud. On Wauben's appeal from the resulting judgment declaring the unpaid portion of the judgment debt nondischargeable, the district court affirmed, holding that the record supported the bankruptcy court's judgment and that that court properly considered "extrinsic evidence" in determining the preclusive effect of the state court's finding of actual fraud.

This appeal followed.

4

II.

The issue is whether the bankruptcy court (as affirmed by the district court) properly held that, as a matter of law,"actual fraud" for § 523(a)(2)(A) purposes was conclusively established by the state court judgment. Reviewing that ruling de novo , we affirm it.

It is well settled that in determining whether a debt is nondischargeable under § 523(a)(2)(A) as one for money procured by "actual fraud," a bankruptcy court may apply principles of collateral estoppel to find that fact preclusively established in a state court action that imposed the debt by judgment. See Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991); Combs v. Richardson, 838 F.2d 112, 115 (4th Cir. 1988); In re Kochekian, 175 B.R. 883, 889 (Bankr. M.D.N.C. 1995). In such a situation, as generally when a state court judgment is invoked as the basis for collateral estoppel in a federal action, the federal court must apply the judgment state's law of collateral estoppel. See In re Kugler, 170 B.R. 291, 297 (Bankr. E.D. Va. 1994) ("[28 U.S.C.] § 1738 requires a federal court`to refer to the preclusion law of the state in which judgment was rendered'") (quoting Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)). Under Virginia law, which controls on that matter here, "the doctrine of collateral estoppel precludes the same parties from litigating in a subsequent proceeding any issue of fact that was actually litigated and essential to a final judgment in the first proceeding." Glasco v. Ballard, 452 S.E. 2d 854, 855 (Va. 1995); see also 1 Restatement (Second) of Judgments § 27 (1982) (same, as to general rule). There is no dispute between the parties as to these principles nor to their general applicability to this case. Nor is there dispute that there was an identity of parties in the two actions at issue and that in the first action actual fraud was actually litigated. There is only dispute--and this is the point dispositive of this appeal--as to whether the issue of actual fraud was indeed determined by the state court and, relatedly, whether its resolution was, in any event, necessary to that court's judgment.

Wauben says "actual fraud" was neither determined by the state court nor was such a determination necessary to its judgment in view of the alternative ground of constructive fraud. And, he says, not having been determined in the state court, the issue is subject to relitiga-

5

tion in the bankruptcy proceeding where actual fraud must be established in the first instance to support a nondischargeable ruling.**1** Watergate says to the contrary that actual fraud was both determined by the state court and was necessary to its judgment against Wauben.

As to whether actual fraud was indeed determined by the state court, Wauben says (1) that in making that inquiry the bankruptcy court could not properly consider anything the state trial judge said after entry of that court's judgment imposing liability upon Wauben, and (2) that so restricted, it is impossible to determine whether liability was imposed for "actual fraud" or only for"constructive fraud," both having been pleaded and litigated, and either sufficing as a basis for the liability imposed. We disagree with both of these contentions.

Where multiple issues are litigated in a prior action and in a later action one of the parties relies on the judgment in the first action as conclusive of one of the issues, that party must indeed show that the issue was determined in the prior action. Id. cmt. g. To decide whether such an issue was indeed determined in the prior action, a court may of course look to the pleadings and other materials of record in the prior action, and if those be inconclusive, to extrinsic evidence for further aid. Id. cmt. f. Here, in deciding that the judgment was based on a finding of actual fraud, the bankruptcy court considered the pleadings, other materials in the state trial record, most critically the court's letter ruling imposing liability, and the comments made by Judge Kent in response to Watergate's post-judgment motion for clarification of the state judgment.

We agree with Watergate that the bankruptcy court properly ruled that the state trial record conclusively demonstrated that that court found "actual fraud" by Wauben. There are various indications, of which we note only the most critical. In his closing argument to the

_____

**1** Wauben is of course correct that if the collateral estoppel inquiry had determined that actual fraud had not been found by the state court, Watergate would then have to prove it--subject to Wauben's disproof-- in the bankruptcy court. See In re Pigge, 539 F.2d 369 (4th Cir. 1976). Here, however, the inquiry determined, properly we conclude, that actual fraud had been conclusively determined by the state court, so that Wauben's attempted disproof was properly excluded.

6

state judge sitting as trier-of-fact, counsel for Watergate clearly differentiated between actual and constructive fraud under Virginia law and deliberately undertook proof of the more difficult--actual fraud. "[T]his case," he said, "is about fraudulent misrepresentation" requiring proof "by clear and convincing evidence" of "a false and material misrepresentation of material fact that was intentionally and knowingly made with no intent to mislead." And, he added, "constructive" fraud, which involves merely innocent or negligent misrepresentations which, though not intended to mislead, nevertheless did, was pled in the alternative. J.A. 203. At this point, the judge inquired: "This isn't a constructive fraud case is it?" To which counsel for Watergate responded: "[W]e pled that in the alternative, but we believe this is an actual fraud case . . . ." J.A. 203; Tr. 951-52. Later, in response to the argument of Wauben's counsel that Wauben should not be held personally liable for representations made by his wholly-owned company, the judge remarked that "[i]f it's an actual fraud case he's personally liable." J.A. 216; Tr. 1031. The court's judgment then imposed judgment against both the Wauben Company and Wauben personally. Finally, the court's letter ruling imposing liability stated that "the Court is satisfied <u>by clear and convincing evidence</u> that the plaintiff was <u>fraudulently induced</u> to purchase telephone equipment . . . falsely represented as an Ericson system . . . ." J.A. 218 (emphasis added). As indicated, it is plain from the state court record that the state judge was well aware of the requirements for proving "actual" as opposed to merely "constructive" fraud. And it is therefore equally plain to us, as it was to the bankruptcy court, that "fraudulent inducement" connoted for the court "knowing misrepresentations made with the intent to deceive" rather than merely innocent or negligent misrepresentations not intended to mislead that nevertheless caused damage. It is inconceivable to us that the court would have used "<u>fraudulent</u> inducement" to connote merely innocent or negligent misstatements not intended to deceive. **2**

_____

**2** Because we conclude that these indications from the state trial record suffice for the purpose, we need not address Wauben's extended challenge to the bankruptcy court's also taking into account Judge Kent's cryptic post-judgment comments in declining to clarify his letter ruling. There is a line beyond which the general license to consider extrinsic evidence in applying collateral estoppel cannot be taken in evoking post-hoc reconstructions by jurors and trial judges. <u>See generally</u> 18 Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction</u> § 4420, at

7

Once it has been properly concluded that the state court found actual fraud, it is beyond question that, for collateral estoppel purposes, that determination was necessary to the judgment imposing liability on Wauben. There is no suggestion here that the state court rested its judgment on alternative findings of actual and constructive fraud. Had that been the case, there might well have been a real question whether the finding of actual fraud was necessary to the judgment. <u>See</u> 1 <u>Restatement (Second) of Judgments</u> § 27, cmt. <u>i</u>. Where, however, as here, the only fraud found was actual fraud, that finding obviously was necessary (not mere dicta) as a basis for the judgment.

<u>AFFIRMED</u>

_____

189-190 (1981). The parties here argue extensively over whether Judge Kent's post-judgment comments fall on one side of the line or the other, but, as indicated, we need not resolve that question.

8