In re Jay H. PRATHER, dba Woodcraft Design, dba Woodtech, Debtor.

Michael J. TARIO, Plaintiff,

v.

Jay H. PRATHER, dba Woodcraft Design, dba Woodtech, Defendant.

Bankruptcy No. 93–09771.
Adv. No. A94–02272.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Feb. 24, 1995.

Ruth Spalter, Tario & Associates, Everett, WA, for plaintiff.

Richard C. Kimberly, Bellingham, WA, for debtor/defendant.

MEMORANDUM OPINION

SAMUEL J. STEINER, Bankruptcy Judge.

*FACTS*

On May 15, 1991, the plaintiff, an attorney, sued the debtor in the Superior Court of the State of Washington for Whatcom County. The complaint alleged theft, conversion, fraud, and misrepresentation and sought damages in the sum of $30,000. On May 29, 1991, a stipulated judgment was entered. Aside from the caption, which stated in part "STIPULATED JUDGMENT FOR FRAUD," and the signature of the judge, the judgment which was endorsed for entry by the plaintiff and the attorney for the debtor, reads as follows:

This matter having come on regularly before the above-entitled Court upon the agreement of the parties as evidenced by their signatures below, and the Court having reviewed the records and files of the above entitled matter, and being otherwise first fully advised in the premises herein, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff Michael John Tario have and recover of and from the defendant, Jay Prather, individually, d/b/a Woodcraft Design and Woodtech, thirty thousand ($30,000.00) dollars as damages against the defendant on causes of action for fraud.

On December 9, 1993, the debtor filed a Chapter 7 case, which was followed by this adversary proceeding, wherein the plaintiff

contends that the judgment is not dischargeable in bankruptcy.

## DISCUSSION

■ The specific issue before the Court is whether a stipulated judgment for fraud entered in state court prior to filing operates as collateral estoppel in an action for nondischargeability under section 523(a)(2) of the Bankruptcy Code.

■ Generally, a bankruptcy court may give collateral estoppel effect to those elements of a claim that are identical to the elements required for discharge and which were "actually litigated and determined in the prior action." *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Nevertheless the doctrine should "be applied with great care since bankruptcy courts are vested with the exclusive jurisdiction to determine the nondischargeability of debts." *In re Mason*, 175 B.R. 299 (Bankr.W.D.Mo.1994), quoting *In re Olson*, 170 B.R. 161, 165 (Bankr.D.N.D.1994). In this case, the debtor maintains that an issue resolved by stipulation does not satisfy the "actually litigated" requirement of the collateral estoppel doctrine.

■ Pursuant to the full faith and credit doctrine, codified in 28 U.S.C. § 1738, federal courts must look to state law to determine the preclusive effect of a prior state court judgment. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *In re Stowell*, 113 B.R. 322 (Bankr.W.D.Tex.1990). Washington law is consistent with the view expressed in the Restatement (Second) of Judgments § 27 comment e (1982), which states that an issue is not actually litigated if it is the subject of a stipulation between the parties, unless the parties have manifested an intention to be bound. The reason is that "the parties could settle for myriad reasons not related to the resolution of the issues they are litigating." *Marquardt v. Federal Old Line Ins. Co.*, 33 Wash.App. 685, 658 P.2d 20 (1983); *Dunning v. Pacerelli*, 63 Wash.App. 232, 818 P.2d 34 (1991). *See also* 15 L. Orland & K. Tegland, Wash. Prac., *Trial Practice Civil* § 368, at 38 (Fourth Edition).

Further, as a matter of policy, "If preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation." Restatement, *Supra*. Even where the circumstances are such that preclusion may seem appropriate, the Restatement authors conclude that "the policy considerations ... weigh strongly in favor of nonpreclusion, and it is in the interest of predictability and simplicity for such a result to obtain uniformly." *Id.*

Notwithstanding the general rule, a rare exception may be made where the parties have manifested an intention to be bound. Shapiro, Annotation, *Consent Judgment as Res Judicata*, 91 ALR 3d 1170, 1189. This Court declines to apply this exception in the dischargeability context, primarily because to do so would undermine the jurisdiction of the bankruptcy court and provide creditors with an opportunity to overreach. In this case, where the plaintiff is an attorney, it may have been his intention to bind the debtor to a nondischargeable judgment. It is difficult to think of a situation in which the debtor would agree to such a determination absent the fear of some other, overriding consequence, which in this case may have been criminal prosecution.

Another reason cited by the defendant for not precluding litigation of the fraud issue is that determination of that issue was not necessary to the state court judgment. This conclusion finds support in *Yakima Cement Prods. Co. v. Great American Ins. Co.*, 14 Wash.App. 557, 544 P.2d 763 (1975), in which the Court held that stipulated findings of fact and conclusions of law entered in a prior action were not binding and would not be given preclusive effect, for the reason that FRCP 52 does not require the entry of findings in an action that has been settled. Nor does the corresponding State rule. CR 52, Washington State Superior Court Civil Rules. Therefore the same conclusion applies in this case, that is the stipulated finding of fraud in the state court action was not necessary to the entry of a confessed judgment.

*CONCLUSION*

The stipulated judgment for fraud entered in the state court suit does not operate as collateral estoppel in this dischargeability action.