**In re Leon PIZANTE, Debtor.**

**Juan HERNANDEZ, Appellant,**

v.

**Leon PIZANTE, Appellee.**

**BAP No. CC–94–1327–JOV.**
**Bankruptcy No. LA–91–60249–WL.**
**Adv. No. LA–91–60389–WL.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 17, 1995.

Decided Aug. 31, 1995.

**486**

Susan Carole Jay, Los Angeles, CA, for appellant.

Louis Krass, Beverly Hills, CA, for appellee.

Before JONES, OLLASON and VOLINN, Bankruptcy Judges.

### OPINION

JONES, Bankruptcy Judge:

Appellee, Leon Pizante (the "Debtor") filed a petition for relief in bankruptcy on January 4, 1991. The trustee instituted a § 548[1] action against the Debtor and his wife ("Mrs. Pizante"), which resulted in a judgment in favor of the trustee. In the § 548 proceedings, Mrs. Pizante defaulted in her discovery responses. The court deemed her default to be admissions. Appellant, Juan Hernandez ("Hernandez") brought an adversary proceeding under § 727 to deny discharge based on an alleged fraudulent transfer by two quitclaim deeds of the Debtor's interest in the Pizantes' residence to Mrs. Pizante. Hernandez sought to invoke collateral estoppel to preclude litigation of the issues which had been deemed admissions in the prior § 548 proceedings.

The bankruptcy court, however, declined to apply collateral estoppel in the subsequent § 727(a)(2) action to preclude the litigants from contesting the issue of fraudulent intent. Instead, the bankruptcy court accepted evidence on the issue of intent. By order dated March 7, 1994, the bankruptcy court upheld the Debtor's discharge. The court ruled that the Debtor did not intend to "hin-

der, delay or defraud creditors" by either the first or second quitclaim transfers of the Debtor's interest in the residence. Hernandez timely appealed. We **AFFIRM**.

### I. FACTS

At all relevant times, the Debtor and Mrs. Pizante have lived at the same residence and have been married to each other. The Debtor is an attorney in the law practice of Pizante & Gregg. In May of 1989, the Debtor was having financial difficulties. A client, Juan Hernandez, brought a malpractice claim against the Debtor. In addition, one of the Debtor's judgment creditors had instituted a state court action to sell the Pizantes' residence to satisfy the judgment. Mrs. Pizante opposed the sale on the ground that the property was held in joint tenancy, and her interest was not subject to sale.

**1. *First Conveyance—(Recorded May 16, 1989)*: Debtor Conveyed His Joint Tenancy Interest in Family Residence To His Wife, Mrs. Pizante, Via Quitclaim Deed.**

The state court action by the Debtor's judgment creditor was settled by stipulation which provided that the creditor would postpone any right to execute against the residence for one year, and the Pizantes would be given nine (9) months to sell the property or refinance it to pay off existing lien creditors. The Debtor asserts that Mrs. Pizante agreed to the stipulation on the condition that the Debtor convey his interest in the residence to her, which he did by quitclaim deed on May 22, 1989. This deed was recorded on May 31, 1989, more than one year prior to the petition in bankruptcy.

**2. *Second Conveyance—(Recorded March 16, 1990)*: At Lender's Insistence, Debtor Conveyed Any Remaining Interest He Had In The Property Via Second Quitclaim Deed.**

On February 27, 1990, the Pizantes obtained a loan in the amount of $775,000,[2]

---

**1.** Unless otherwise indicated, all references to Chapters, Sections and Rules are to the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001, *et seq.*

**2.** The Debtor asserts that the proceeds from this transaction were used to pay encumbrances,

with a reserve set aside for Mrs. Pizante to make mortgage payments while attempting to sell the property. Also, $287,000 was paid to Mrs. Pizante in repayment of loans she made to the law partnership of Pizante & Gregg between 1978 and 1985. These loans were evidenced by notes which were turned over to the trustee.

secured by a second deed of trust on the residence. The lender required that the Debtor give a second quitclaim deed in favor of Mrs. Pizante to cover any potential community property interest in the property that the Debtor may have acquired in the interim period between the time of the first quitclaim deed to the date of the $775,000 loan. That same day, the Debtor executed a second quitclaim deed, which was recorded on March 16, 1990. On January 4, 1991, the Debtor filed a chapter 7 petition.

### 3. *Section 548 Action:*

On January 12, 1991, the trustee filed a § 548 complaint against the Debtor and Mrs. Pizante alleging that the two quitclaimed transfers of the residence constituted a fraudulent conveyance. After discovery, the actions against the Debtor were voluntarily dismissed by the trustee. Mrs. Pizante, however, submitted inadequate responses to requests for admissions and failed to comply with discovery dispute resolution procedures. On January 27, 1992, upon motion by the trustee, to which Mrs. Pizante failed to respond, the court entered a discovery order deeming the requests for admissions admitted and compelling Mrs. Pizante to respond to the interrogatories. Mrs. Pizante failed to comply with the discovery order and failed to bring a timely motion to reconsider the discovery order.

On February 20, 1992, the trustee filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 36, as adopted by Bankruptcy Rule 7036, which deems a request for admissions admitted where a party fails to respond to discovery requests. On March 12, 1992, the bankruptcy court granted summary judgment in favor of the trustee. The court noted that such a ruling was supported by certain exigent circumstances such as Mrs. Pizante's failure to comply with the discovery order, ongoing foreclosure proceedings, and an upcoming continued hearing on a relief from stay motion by a lienholder against the residence. Based on Mrs. Pizante's deemed admissions, the bankruptcy court ruled that the transfer of the Debtor's interests in the residence was avoided as a fraudulent transfer, finding that:

9. The debtor made the transfer effectuated by the first deed and, to the extend [sic] the second deed effectuated a transfer (collectively the "subject transfers") the debtor also made that transfer, with the actual intent to hinder, delay, and/or defraud his creditors.

### 4. *Homestead Exemption Claim:*

The trustee also objected to a homestead exemption claimed by the Debtor of his interest in the residence. The bankruptcy court ruled that the Debtor's interest in the residence was not exempt because the quitclaim deed was a voluntary transfer which disqualified the property from exemption pursuant to § 522(g). The bankruptcy court also noted that it had previously incorrectly stated that the Debtor was bound by the findings in the prior fraudulent conveyance adversary proceeding.

### 5. *Section 727 Trial:*

Hernandez filed a complaint claiming that the Debtor was not entitled to a discharge because of the transfer of the Debtor's interest in the residence to Mrs. Pizante. He sought to have the bankruptcy court apply collateral estoppel on the issue of fraudulent intent, claiming that the issue had already been decided in the § 548 proceeding. The bankruptcy court did not apply collateral estoppel, but instead received evidence on the issue of intent. After a trial held December 6, 1993, the bankruptcy court entered an order, dated March 7, 1994, which included the following findings of fact:

The Debtor did not intend to hinder, delay or defraud creditors by the execution of either of the quitclaim deeds. The deeds were executed at the insistence of his wife, Marilyn Pizante, who was extremely emotionally distraught and who had previously attempted to commit suicide and threatened to try again ...

The court also found that the Debtor was not the real party in interest in the § 548 adversary proceeding, although he was named as defendant:

[T]he real party in interest [in the § 548 action] was the Debtor's wife, Marilyn Pizante, the record owner of the property sought to be recovered for the estate. She

was represented by independent counsel. The Debtor did not control the defense of that adversary proceeding.

The court also made conclusions of law, including the following:

1. The doctrine of collateral estoppel or issue preclusion did not bind the Debtor to prior findings of intent to hinder, delay or defraud creditors.

2. The Debtor convinced the Court that he did not have the intent to hinder, delay of [sic] defraud creditors upon executing either of the two quitclaim deeds.

3. The first quitclaim deed effectively transferred the Debtor's interest in the [residence] more than one year prior to the filing of the bankruptcy. The second quitclaim deed did not transfer any interest in the property that had not been previously transferred by the first quitclaim deed.

4. The Debtor did not commit an act covered by 11 U.S.C. § 727(a)(2) because he did not have the required intent to hinder, delay or defraud a creditor and because the transfer of the property occurred more than that [sic] one year prior to bankruptcy ...

## ISSUE

1. Whether the bankruptcy court erred in declining to apply collateral estoppel where issues sought to be precluded were established by the admission by default of a co-defendant in a prior action.

2. Whether the bankruptcy court clearly erred in sustaining the Debtor's discharge under § 727, finding that the Debtor lacked the requisite intent to "hinder, delay or defraud creditors" in conveying the residence.

## STANDARD OF REVIEW

█ Although this Panel exercises *de novo* review over the rules governing collateral estoppel, the application of collateral estoppel in a particular case is left to the broad discretion of the trial court. *In re Gottheiner*, 703 F.2d 1136, 1139 (9th Cir. 1983). A bankruptcy court abuses its discretion if it bases its ruling on a clearly erroneous assessment of the evidence or an erroneous view of the law. *In re Grantham Bros.*,

922 F.2d 1438, 1441 (9th Cir.), *cert. denied*, 502 U.S. 826, 112 S.Ct. 94, 116 L.Ed.2d 66 (1991).

█ Factual findings of the bankruptcy court are reviewed under the clearly erroneous standard. *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989). Clear error exists when, after examining the evidence, the reviewing court is left with a definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

█ The selection of legal standards applied by the bankruptcy court is reviewed *de novo*. *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985). Mixed questions of law and fact are reviewed *de novo*. *In re Wade*, 115 B.R. 222, 225 (9th Cir. BAP 1990), *aff'd*, 948 F.2d 1122 (9th Cir.1991).

## DISCUSSION

### A. Applicability of the Doctrine of Collateral Estoppel

█ The principle of collateral estoppel does apply in bankruptcy court to bar relitigation of issues that were previously decided in a prior state court action. *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The moving party must prove four elements in order for collateral estoppel to apply: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been litigated in the prior action; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991). The Supreme Court has repeatedly recognized the limitation that collateral estoppel cannot be applied against a party unless that party had a "full and fair opportunity" to litigate that issue in the prior action. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). The full and fair opportunity requirement will not be met if the party whom collateral estoppel is being

asserted against was unable to present critical evidence in the prior action. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 333, 91 S.Ct. 1434, 1444, 28 L.Ed.2d 788 (1971).

1. *Rule 36 limits the effect of a deemed admission in a subsequent proceeding.*

Federal Rule of Civil Procedure 36 ("Rule 36"), as adopted by Bankruptcy Rule 7036, provides, in pertinent part:

> If the court determines that an answer [to a request for admissions] does not comply with the requirements of [Rule 36], it may order either that the matter is admitted or that an amended answer be served.... **(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.... *Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.*

Fed.R.Civ.P. 36 (emphasis added).

■ The rule governing requests for admissions was designed to reduce the burden of litigation by eliminating undisputed facts and narrowing the issues for trial. Fed.R.Civ.P. 36 advisory committee's note. Rule 36 encourages admissions, and thus reduces the burden of litigation, by limiting the effect of those admissions to the pending action only. 4A James W. Moore et al., *Moore's Federal Practice,* ¶ 36.08 at 36–82 (2d ed. 1995).

In *In re Kugler,* 170 B.R. 291, 299–300 (Bankr.E.D.Va.1994), the court found that where issues are deemed admitted due to a party's failure to comply with discovery requests, the "actually litigated" element of collateral estoppel is unsatisfied. The *Kugler* court analyzed Rule 36 in interpreting the effect of state law governing requests for admissions, since the rules were "virtually identical." *Id.* at 299.

The *Kugler* court rejected the argument that, although the language of Rule 36 limits the effect of an admission in subsequent proceedings, a judgment based on such an admission still has collateral estoppel effect. The court considered judgments based on deemed admissions to be analogous to consent judgments, stipulated facts, and default judgments[3] which have limited collateral estoppel effects. *Id.* at 300 (citing *Matter of Cassidy,* 892 F.2d 637 (7th Cir.), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990)).

■ This case involves admissions which were deemed admitted due to the default of Mrs. Pizante. Thus, pursuant to Rule 36, the admissions will only be deemed admitted for the purpose of the § 548 proceeding and may not be used against the Debtor in any other proceeding. The deemed admissions are not applicable on the issue of intent in the subsequent § 727 proceeding. The bankruptcy court in the § 727 proceeding was correct in receiving evidence on the issue of intent. Because the deemed admissions were applicable solely in the § 548 proceeding, and not in the § 727 proceeding, the "actually litigated" element of collateral estoppel is unsatisfied.

2. *The Debtor did not have a full and fair opportunity to litigate the issue of intent in the prior proceeding.*

Moreover, in this case, while the issue of intent may have been necessary to the § 548

---

3. In *In re Nourbakhsh,* 162 B.R. 841 (9th Cir. BAP 1994), the BAP held that a state court summary judgment based on default had collateral estoppel effect. However, this holding was based on extending full faith and credit to the preclusion law of the state in which the judgment was rendered.

In the instant case, the underlying judgment is a federal bankruptcy § 548 complaint, in which summary judgment was granted based on a federal rule governing requests for admissions (F.R.C.P. 36). Under the *Nourbakhsh* rationale, it is appropriate to apply the preclusion rule embodied in F.R.C.P. 36(b) itself: namely, "[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding." Therefore, the *Nourbakhsh* case supports the bankruptcy court's refusal to apply collateral estoppel in the instant case.

action to avoid the transfer, the Debtor did not have a full and fair opportunity for a hearing on the issue of intent since judgment was entered based on the default of Mrs. Pizante, the Debtor's wife. The court in the § 548 action entered summary judgment in favor of the trustee because of Mrs. Pizante's deemed admissions. This judgment was based on Mrs. Pizante's failure to respond to discovery requests and Mrs. Pizante's failure to respond to the motion to have the admissions deemed admitted.

The Debtor had no reason to defend or present evidence on the issue of intent. At the time of the § 548 proceedings, foreclosure procedures had already been initiated on the residence. Further, the Debtor did not believe that he had any interest in the residence as he had previously transferred any interest that he did have to his wife in the first quitclaim deed. As the Debtor did not have a full and fair opportunity to litigate the issue of intent in the prior action, collateral estoppel is not applicable to bar relitigation of the Debtor's intent. Accordingly, it was proper for the court in the § 727 proceeding to accept evidence on the issue of intent.

**B. The Bankruptcy Court's Findings Were Not Clearly Erroneous**

■■■ Bankruptcy Rule 8013 provides: [F]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed.R.Bankr.P. 8013. The Debtor testified in the § 727 proceeding that he did not have an intent to hinder, delay or defraud creditors. This court must give due regard to the bankruptcy court's ability to assess the credibility of the Debtor's testimony. The bankruptcy court believed the Debtor's testimony and further found that the second quitclaim deed did not transfer any interest. This second transfer was necessary to a finding of a fraudulent conveyance. Moreover, evidence in the record supports the bankruptcy court's finding that the Debtor lacked the requisite intent to hinder, delay or defraud creditors in conveying the residence. Ac-

cordingly, we find that the bankruptcy court's findings were not clearly erroneous.

**CONCLUSION**

As Rule 36 bars the application of collateral estoppel and the Debtor did not have a full and fair opportunity to litigate the issue of intent, the bankruptcy court's denial of collateral estoppel is **AFFIRMED**.