In re Cheryl BOWEN, Debtor.

GENEL COMPANY, INC., an Oregon corporation, Appellant,

v.

Cheryl BOWEN, and Alfred J. Bowen, Appellees.

BAP No. AZ–95–2250–AsJH.
Bankruptcy No. 92–00092–PHX–SSC.
Adv. No. 92–395.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 19, 1996.

Decided July 16, 1996.

---

Terry A. Dake, Phoenix, AZ, for Appellant.

Marcia J. Busching, James W. Armstrong, Phoenix, AZ, for Appellees.

Before: ASHLAND, JONES, and HAGAN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

### STATEMENT OF FACTS

Genel Company, Inc. entered into a real estate construction loan transaction with Bowen Quality Construction Company. Cheryl Bowen, debtor, and Alfred Bowen were the owners of Bowen Quality. During the time of the negotiations and funding of the loan, debtor was an officer, director, and employee of Bowen Quality.

As part of the loan transaction, Bowen Quality pledged a security interest in 155,000 shares of common stock of Peripheral Systems, Inc. to Genel. The pledge agreement was signed by debtor, Alfred Bowen, and Bowen Quality. Genel hired Washington legal counsel to assist in the documentation of the pledge of that collateral. Subsequently, Genel loaned $1,053,000 to Bowen Quality in two installments, one of $640,000 on December 2, 1988 and one of $413,000 on December 28, 1988. Bowen Quality filed chapter 11 bankruptcy on December 30, 1988.

Genel sought to recover on the pledged collateral. However, it was not able to seize and sell the stock because the stock was not in the Bowen Quality account. In fact, the stock which was pledged as collateral by Bowen Quality did not exist. As a result, Genel was not able to recover the value of its

intended collateral and suffered significant losses.

Genel sued debtor in federal court on her guaranty to recover the amount owed Genel. Four weeks prior to trial, after pretrial depositions and discovery, debtor settled with Genel. Debtor was represented by legal counsel in both Washington and Arizona throughout the litigation and settlement process. The settlement agreement, signed by debtor, states:

> *Stipulated Judgment Against Bowens.* The Bowens stipulate and agree, in the form attached as Exhibit "A" that judgment may be entered against them by Genel in the amount of $875,000.00 based upon the claims set forth in the Arizona Action and in the Federal Action....
>
> \* \* \* \* \* \*
>
> The Bowens agree that the Bowen Stipulated Judgment is based in part upon fraud; and/or obtaining money by false pretenses, a false representation or actual fraud; and/or obtaining money by use of a materially false statement regarding the Bowens' financial condition, made or published with intent to deceive, on which Genel reasonably relied. The Bowens further agree that pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), and (a)(4), the debt reflected in the Bowen Stipulated Judgment shall not be dischargeable in bankruptcy and acknowledge that they are waiving their right to a bankruptcy discharge for the obligations recognized and/or acknowledged in the Bowen Stipulated Judgment.

Additionally, the settlement agreement provided for a payment by debtor and Alfred Bowen of $175,000 to Genel. Thus far, payment of $38,000 has been made on the stipulated judgment.

Upon debtor's subsequent filing of chapter 7 bankruptcy, Genel sought to have its stipulated judgment against debtor declared nondischargeable under 11 U.S.C. Section 523. After partial summary judgment proceedings and a motion for reconsideration, the bankruptcy court concluded that the pre-petition stipulated judgment against Bowen was entitled to collateral estoppel effect, and held

that Genel had satisfied the elements of § 523(a)(2)(A), with the exception of justifiable reliance and proximate cause of damage.

Genel again moved for partial summary judgment on its § 523(a)(2)(A) claim, requesting that the court grant summary judgment on the elements of justifiable reliance and proximate cause of damages. The court found that Genel satisfied the necessary elements of the statute and declared Genel's claims nondischargeable under § 523(a)(2)(A). Upon motion by Genel, the court entered a partial final judgment, pursuant to Federal Rule of Civil Procedure 54(b), granting judgment to Genel under § 523(a)(2)(A). Debtor followed with a motion to reconsider which subsequently was denied. Debtor appeals the court order granting Genel's motions for summary judgment and final judgment.

## ISSUES ON APPEAL

1. Did the bankruptcy court err in finding that a stipulated judgment stating that a debt would not be dischargeable in bankruptcy had preclusive effect in a subsequent § 523(a)(2)(A) nondischargeability proceeding?

2. Did the bankruptcy court err in granting summary judgment in favor of Genel after it determined that there were no genuine issues of material fact remaining in its § 523(a)(2)(A) claim?

3. Did the bankruptcy court err in entering a final judgment pursuant to Fed. R.Civ.P. 54(b) when other unadjudicated claims remain in Genel's complaint?

## STANDARD OF REVIEW

█ A bankruptcy court's decision to grant summary judgment is reviewed de novo. *Jones v. Union Pac. R.R. Co.,* 968 F.2d 937, 940 (9th Cir.1992). An appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether the bankruptcy court correctly found that there were no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *In re Baird,* 114 B.R. 198, 201 (9th Cir. BAP 1990).

This court applies the de novo standard for reviewing the question of availability of collateral estoppel. *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318 (9th Cir.1992).

The issue of dischargeability of debt is a question of federal law, not state law, and is governed by the provisions of the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 284, 111 S.Ct. 654, 657, 112 L.Ed.2d 755 (1991). The determination of justifiable reliance is a question of fact subject to the clearly erroneous standard of review. *In re Kirsh,* 973 F.2d 1454, 1456 (9th Cir.1992).

This court reviews the certification of an appeal under Fed.R.Civ.P. 54(b) for abuse of discretion. *Gregorian v. Izvestia,* 871 F.2d 1515, 1520 (9th Cir.1989), *cert. denied,* 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989).

## DISCUSSION

### I. *Certification under Federal Rule of Civil Procedure 54(b)*

As a preliminary matter, we must consider debtor's argument that the bankruptcy court abused its discretion in granting Genel's motion for the entry of final judgment pursuant to Fed.R.Civ.P. 54(b). Rule 54(b) provides in part that, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The present trend is toward greater deference to the court's decision to certify under Rule 54(b). *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir.1991). Certification is proper if it will aid "expeditious decision" of the case. *Texaco,* 939 F.2d at 797. Here, the bankruptcy court found that there were no justifiable reasons for delaying the entry of judgment because the issues presented in Genel's § 523(a)(2)(A) claim are substantially different from the issues in Genel's remaining claims. The evidence presented is materially different as well. Thus, entry of judgment will not lead to piecemeal appeals. Therefore, the judgment was properly certified for appeal under Rule 54(b).

### II. *Applicability of the Doctrine of Collateral Estoppel*

The doctrine of collateral estoppel serves the purposes of protecting parties from multiple lawsuits, preventing the possibilities of inconsistent decisions, and conserving judicial resources. *Montana v. U.S.,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). The doctrine of collateral estoppel applies in bankruptcy court to bar relitigation of dischargeability claims. *Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *In re Silva,* 190 B.R. 889, 892 (9th Cir. BAP 1995); *Montana* 440 U.S. at 147, 99 S.Ct. at 970–71.

The debtor, relying on *In re Prather,* 178 B.R. 501 (Bankr.W.D.Wash.1995), contends that a pre-petition stipulated judgment cannot be given collateral estoppel effect under Washington law. However, in *Prather,* the court was not looking to a prior federal diversity judgment, but rather a state court judgment. In this case, the prior judgment was a federal diversity judgment. In applying collateral estoppel, we apply federal law to determine the preclusive effect of a prior federal diversity judgment. *In re Berr,* 172 B.R. 299, 305 (9th Cir. BAP 1994).

Under the federal standard, four elements must be met to foreclose relitigation of an issue under collateral estoppel:

1) The issue sought to be precluded must be the same as that involved in the prior action;

2) The issue must have been litigated in the prior action;

3) The issue must have been determined by a valid and final judgment; and

4) The determination must have been essential to the final judgment.

*In re Pizante,* 186 B.R. 484, 488 (9th Cir. BAP 1995); *In re Berr,* 172 B.R. at 306.

### III. *Actually Litigated Element of Collateral Estoppel*

 Debtor asserts that Genel has not satisfied the element of actual litigation. Ordinarily, stipulated or consent judgments are not entitled to preclusive effect because there was no actual litigation. *In re Berr,* 172 B.R. at 306. However, the actual litigation requirement may be satisfied when there is substantial participation in an adversary contest in which the party is afforded a reasonable opportunity to defend himself on the merits but chooses not to do so. *In re Daily,* 47 F.3d 365, 368 (9th Cir.1995).

In *Daily,* the court held that a default judgment and a stipulation that the debt would not be dischargeable in bankruptcy had collateral estoppel effect in a subsequent § 523(a)(2)(A) nondischargeability proceeding. *Daily,* 47 F.3d at 368. The court concluded that the requirement of actual litigation was satisfied because the debtor actively participated in the adversary process for almost two years, had a full and fair opportunity to litigate the allegations contained in the complaint, and chose not to participate in the discovery process and pre-trial proceedings. *Daily,* 47 F.3d at 368.

Additionally, in *In re Gottheiner,* the court determined that ·an unopposed motion for summary judgment satisfied the requirement of actual litigation. *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir.1983). The court based its finding on the fact that "Gottheiner did not simply give up from the outset. For sixteen months he actively participated in litigation.... That after many months of discovery Gottheiner decided his case was no longer worth the effort does not alter the fact that he had his day in court. Under the circumstances we hold that ... collateral estoppel properly was available...." *Gottheiner,* 703 F.2d at 1140.

In this case, the parties agreed to stipulate to entry of a final judgment. The stipulation established the debtor's liability based upon principles of fraud and contract. For an agreed upon amount of principal from debtor, which would be nondischargeable in any

bankruptcy proceeding, Genel agreed to dismiss all other claims and causes of action which existed at the date of the agreement.

Debtor did not quickly determine that the burden of litigation outweighed the benefit of opposing Genel's claims. Rather, for numerous months the parties participated in pre-trial discovery and did not enter into the judgment until four weeks prior to trial. Therefore, we hold that the parties actually litigated the fraud issue in the prior action, and the stipulated judgment was intended to have preclusive effect in any future nondischargeability action.

### IV. *Public Policy Considerations*

Debtor contends that public policy considerations preclude Genel from usurping the bankruptcy court's role in determining dischargeability of a debt. However, the Ninth Circuit Court of Appeals holds that a default judgment can have collateral estoppel effect when determining the dischargeability of a debt, and applying collateral estoppel does not violate public policy. *Daily,* 47 F.3d at 369.

### V. *Justifiable Reliance and Proximate Cause of Damages*

 The remaining issues are whether there is any genuine issue of material fact as to whether Genel's reliance was justifiable and whether the damages that Genel sustained were proximately caused by debtor's misrepresentations. Section 523(a)(2)(A) provides in pertinent part that a debtor is not entitled to be discharged from any debt to the extent that the debt was obtained by false pretenses, a false representation, or actual fraud. The statutory requirements under § 523(a)(2)(A) are set forth verbatim in the settlement agreement and the stipulated judgment.

 Genel must prove justifiable reliance upon the representations of the debtor. *Field v. Mans,* —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). In determining that issue, the court must look to all of the circumstances surrounding the particular transaction and must particularly consider the subjective effect of those circumstances upon

the creditor. *In re Kirsh,* 973 F.2d 1454, 1460 (9th Cir.1992).

Genel hired Washington legal counsel to assist with the pledge agreement. The attorney received both verbal and written confirmation that the stock was in the securities account as represented. Genel performed due diligence concerning the stock to confirm that it was in an account and would serve as collateral for the loan transaction. The stock was an integral part of the loan transaction. Thus, Genel justifiably relied on debtor's representations.

 Additionally, Debtor acted as an officer, director, and employee of Bowen Quality. She and her husband were one hundred percent share holders of Bowen Quality, and there was no limit on debtor's capacity to sign the pledge agreement. Genel would not have entered into the loan transaction unless the stock was there as pledged collateral. Therefore, the failure to have the stock available proximately caused the damages suffered by Genel.

Debtor does not set forth facts nor documentation presenting a genuine dispute of material fact. Thus, the bankruptcy court properly granted Genel's motion for summary judgment on the justifiable reliance and proximate cause elements of § 523(a)(2)(A).

### CONCLUSION

For the foregoing reasons, the orders of the bankruptcy court granting Genel's motion for summary judgment to declare debtor's debt nondischargeable under § 523(a)(2)(A) and entry of a final judgment pursuant to Fed.R.Civ.P. 54(b) are affirmed.