In re Ted ANTONAKIS, Debtor.

**MARLEE ELECTRONICS CORPORATION,**
Plaintiff,

v.

**Theodore S. ANTONAKIS, Defendant.**

**Bankruptcy No. 94–27128–A–7.
Adv. No. 95–2499.**

United States Bankruptcy Court,
E.D. California,
Sacramento Division.

March 27, 1997.

James L. Brunello, Sacramento, CA, for Defendant.

David M. Meegan, Moore, Meegan, Hanschu & Kassenbrock, Sacramento, CA, for Plaintiff Marlee Electronics Corporation.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Chief Judge.

Theodore S. Antonakis ("Debtor") is a debtor under chapter 7 of title 11, United States Code. Marlee Electronics Corporation ("Marlee") is a judgment creditor of the Debtor. Marlee brought an adversary proceeding against the Debtor to have the judgment debt classified as nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), and (6). Thereafter, Marlee filed a motion for summary judgment. For the reasons set forth below, the court will deny the motion.

### I. BACKGROUND

Marlee Electronics Corporation develops, produces, and sells security control systems for buildings. The Debtor is an electronics engineer and president of Eclectic Technologies Corporation. The Debtor and Marlee's president, Scott Holloway, first met in 1987 at a trade show where both Eclectic and Marlee were exhibiting security system components. Holloway stated that his company was looking for outside engineering for its products, and the Debtor responded that his firm might be interested in bidding on Marlee projects.

These discussions eventually led to several contracts in which the Debtor agreed to provide consulting and design services to Marlee. In conjunction with these contracts, the Debtor signed a confidentiality agreement and Marlee provided the Debtor with hardware, software, customer lists, and technical information about its security systems. Disputes between the two developed and, as a result, Marlee filed suit in United States District Court for the Eastern District of Pennsylvania ("District Court"). The effect of a default judgment entered by the District

Court is the pivotal issue in the present motion.

In the District Court, Marlee's complaint alleged the following fifteen counts:

Violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), Sections 18 U.S.C. 1962(c), (a), and (d) (Counts One, Two, and Three respectively); Breach of written contract: 1987 Agreement (Count Four); Breach of written contract: Hotel System Contract (Count Five); Breach of written agreement: PM54/SSD Contract (Count Six); Fraud (Count Seven); Misappropriation of trade secrets: Confidential technical information (Count Eight); Misappropriation of trade secrets: Client lists (Count Nine); Unfair competition (Count Ten); Breach of warranties of fitness for particular purpose and of merchantability (Count Eleven); Conversion (Count Twelve); Conversion (Count Thirteen); Claim and delivery (Count Fourteen); Anticipatory repudiation and specific performance (Count Fifteen).

Marlee premised the District Court's jurisdiction on the existence of a federal question under the first three RICO counts. Shortly after filing, Marlee moved for a preliminary injunction to enjoin the Debtor from using or disclosing any of the information Marlee supplied to the Debtor or that the Debtor developed in connection with the contracts. The Debtor employed counsel to contest the action and the parties engaged in discovery. On October 30, 1990, after holding hearings, the District Court filed an order granting, in part, Marlee's motion for a preliminary injunction.

The Debtor appealed the order to the United States Court of Appeals for the Third Circuit contending the District Court failed to first make a proper determination that it had jurisdiction under the RICO counts. The appellate court agreed and, on June 21, 1991, in an unpublished decision, vacated the preliminary injunction and remanded the case for further findings on the jurisdictional question.

On remand the Debtor continued to assert that the action amounted to nothing more than a breach of contract suit, and he filed a motion seeking to dismiss the complaint on the grounds that the District Court lacked subject matter jurisdiction under the RICO statutes. Marlee propounded additional discovery which the Debtor contends focused primarily on the jurisdictional issues. However, the Debtor broke off his own discovery allegedly due to a want of funds by which to pay counsel. The Debtor claims that, by this time, he had run out of money and could no longer pay his legal expenses. On February 4, 1993, the District Court denied the Debtor's motion to dismiss the complaint. Shortly thereafter the court granted a motion by Debtor's Counsel to withdraw for nonpayment of fees.

Marlee then filed a second amended complaint. The Debtor, now without counsel, failed to plead or otherwise defend, and on April 27, 1993, default was entered. Marlee moved for a judgment by default and the District Court held an assessment of damages hearing. On November 4, 1993, the District Court filed its Decree. The court incorporated by reference the findings of fact made in the earlier preliminary injunction order. The District Court also incorporated all the factual allegations of the second amended complaint; because the Debtor failed to plead or oppose the complaint, those allegations were deemed true. Consequently, the District Court held for Marlee on all counts and, after trebling damages under the RICO provisions, entered a default judgment against the Debtor in the amount of approximately $22,000,000.

On September 7, 1994, the Debtor filed a chapter 13 petition with this court. After the case was converted to chapter 7, Marlee filed the present adversary complaint to have the judgment debt declared nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), (6). Marlee now moves for a summary judgment. Marlee contends the prior District Court default judgment precludes the Debtor from disputing any of the elements necessary for Marlee to prevail in the adversary proceeding. In the alternative, Marlee argues that no genuine issues of material fact remain in dispute over those elements.

## II  STANDARDS OF LAW

Under Federal Rule of Civil Procedure 56, incorporated into adversary proceedings through Federal Rule of Bankruptcy Procedure 7056, the court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All inferences must be drawn in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). And there can be no genuine issue of material fact if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III  DISCUSSION

### A.  ISSUE PRECLUSION (COLLATERAL ESTOPPEL)

■ The doctrine of issue preclusion (or collateral estoppel)[1] may be used to prevent the relitigation of an issue that was actually litigated and decided in an earlier proceeding. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). Its purpose is to protect parties from multiple lawsuits, prevent the possibility of inconsistent decisions, and conserve judicial resources. *Id.; Montana v. U.S.*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *In re Bowen*, 198 B.R. 551, 555 (9th Cir. BAP 1996) (citations omitted). Although claim preclusion (or *res judicata*) has limited applicability in bankruptcy cases, *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), a party may invoke the doctrine of issue preclusion. *Grogan v. Garner*, 498 U.S. 279, 284 & n. 11, 111 S.Ct. 654, 658 & n. 11, 112 L.Ed.2d 755 (1991). Specifically, this doctrine applies in dischargeability proceedings. *Id.; In re Bugna*, 33 F.3d 1054, 1056 (9th Cir.1994).

■ At issue here is the effect of a prior **federal** district court judgment upon the present bankruptcy adversary proceeding. The word federal is emphasized because, while bankruptcy courts apply the issue preclusion rules of a particular state when deciding upon the preclusive effect of judgments issued by courts of that state, *see e.g., In re Nourbakhsh*, 67 F.3d 798, 800 (9th Cir.1995), when the prior decision emanates from a federal court in a federal question case, the federal law of issue preclusion applies. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988); *In re Bowen*, 198 B.R. 551, 555 (9th Cir. BAP 1996) (citation omitted).

■ Under the federal law of issue preclusion, the party asserting it has the burden of proving the elements are met. *In re Silva*, 190 B.R. 889, 892 (9th Cir. BAP 1995). Those elements are:

1) The issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;

2) The issue must have been actually litigated in the former proceeding;

3) It must have been necessarily decided in the former proceeding;

4) The decision in the former proceeding must be final and on the merits; and

5) The party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Id.* (citation omitted). Also (again under federal law), while the availability of issue preclusion in a particular case is a question of law, the decision of whether to apply the doctrine is vested in the trial court's discretion. *In re Daily*, 47 F.3d 365, 368 n. 6 (9th Cir.1995); *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1519 (9th Cir.1985); *In re Gottheiner*, 703 F.2d 1136, 1139 (9th Cir.1983).

■ At issue here is a **default** judgment from a United States District Court. Some states give default judgments preclusive effect in later proceedings. *See e.g., Nourbakhsh*, 67 F.3d at 800. But the general rule

---

1. The Ninth Circuit and the Supreme Court have encouraged the use of the terms "claim preclusion" and "issue preclusion" rather than *res judi-* cata and collateral estoppel, respectively. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 & n. 2 (9th Cir.1985).

under federal law is that issue preclusion does not apply to the default judgments of federal courts. *Gottheiner*, 703 F.2d at 1140 (citations omitted); *In re Daley*, 776 F.2d 834, 838 n. 7 (9th Cir.1985) (citation omitted), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Silva*, 190 B.R. at 892–93. The rationale is that default judgments fail to meet the "actually litigated" requirement. *Gottheiner*, 703 F.2d at 1140; *Daley*, 776 F.2d at 838 & n. 7; Restatement (Second) of Judgments § 27 cmt. e (1982). Exceptions to this general rule exist—and Marlee seeks to classify the case at bar as an exception—but in those exceptional situations, despite the label "default", the parties have actually litigated all the factual and legal elements underlying the judgment.

■ Here, the litigation between Marlee and the Debtor never addressed the substance of Marlee's complaint. A close reading of the material submitted in support of the summary judgment motion indicates the only issue actually litigated was whether Marlee sufficiently established the District Court's subject matter jurisdiction. The parties pursued this issue vigorously—the Debtor took an appeal to the Third Circuit—and the District Court (eventually) found that the complaint's jurisdictional allegations sufficed. But by that time the Debtor simply ran out of money, his economic resources being exhausted by the contest over the preliminary injunction and the pursuit of his successful appeal. Lacking funds, the Debtor could no longer continue discovery (he had earlier asked the District Court to stay discovery until it ruled on the jurisdiction issue), and the Debtor failed to pay his counsel accrued legal fees. Before the suit reached the point requiring the defendant to answer, the District Court granted his counsel's request to withdraw for nonpayment. Left without counsel, the Debtor merely acquiesced in a default.

■ Marlee disputes this characterization and points to the activity of the parties prior to the default. For example, Marlee notes that the parties "conducted discovery, presented evidence, and offered argument at a two-day court hearing." However, the evidence and the hearings related only to whether the District Court should issue a preliminary injunction to prevent the Debtor from disclosing Marlee's technical information. The findings made after these hearings fail to speak to the issue of fraud or, for that matter, to the merits of any of Marlee's claims. In fact, the District Court concluded its findings with the observation that "the parties have spent a great deal of time, money and energy litigating what is in essence a **business dispute**". The court then exhorted the parties to attempt an amicable resolution without further litigation. Far from indicating a finding of fraud, the court's statement cuts against a claim of nondischargeability.

To locate any factual findings addressing the nondischargeability issues, one has to leave the District Court's decree altogether and turn to a document written by Marlee itself: Marlee's second amended complaint filed in the District Court in February of 1993. Because the Debtor failed to answer or otherwise defend, the court held that Marlee's allegations must be deemed true. Consequently, the District Court, by reference, incorporated into its judgment the statements proffered by Marlee in its unopposed pleading. In other words, Marlee's claims were never tested in actual litigation; instead, the allegations of fraud, as drafted by Marlee itself, entered the court's findings of fact by default.

As stated above, some exceptions exist to the general rule that issue preclusion does not apply to federal court default judgments. Marlee tries to fit its case within an exception, claiming support from *In re Daily*, 47 F.3d 365 (9th Cir.1995), and *In re Gottheiner*, 703 F.2d 1136 (9th Cir.1983). In *Daily*, the bankruptcy court allowed the FDIC to use a district court default judgment to establish a nondischargeability claim against the debtor. The Ninth Circuit affirmed the use of issue preclusion; however, the Ninth Circuit explicitly noted that the judgment entered in the case was not an ordinary default judgment. Instead, the district court had issued the default judgment as a sanction against the debtor for deliberate abuse of the judicial process (the debtor had engaged in discovery misconduct to thwart the FDIC and had defied an order of the United States District

Court). *Id.* at 368. However, the holding in *Daily* is a limited one: the Ninth Circuit stated that the actual litigation requirement may be satisfied where a party deliberately precludes resolution of factual issues by obstructing the normal adjudicative process. *Id.* In the case at bar, the Debtor did not engage in any abuse of the judicial process. Rather, the Debtor litigated in good faith until he ran out of money. Abuse of the judicial process and running out of money are too very different things; *Daily* is inapposite.

Nor does *Gottheiner* aid Marlee. In that case, the bankruptcy court granted preclusive effect to the issues decided in a prior district court lawsuit resolved by summary judgment. *Id.* The debtor, represented by counsel, not only answered the complaint, he also actively litigated the merits of the dispute for sixteen months. *Id.* at 1140. Although the debtor failed to oppose the summary judgment, the district court did not rely on that fact; the trial judge conducted an independent review of the evidence already contained in the record and found no genuine issues of material fact existed. *Id.* at 1138.

In the case at bar, the parties never reached the point of summary judgment since the Debtor never answered Marlee's complaint. That left the District Court with no record to independently review. Rather, the District Court merely granted Marlee a default judgment. Other than those facts forming the basis for the preliminary injunction—facts which do not speak to any of the nondischargeability issues—the court's decree simply incorporates Marlee's complaint wholesale since unopposed. The only matter actually litigated was the District Court's subject matter jurisdiction; the issues Marlee now seeks to preclude were never tested by the adversarial process.

Finally, even if, as a matter of law, issue preclusion were available in this case, this court would exercise its discretion and decline to apply it: it would serve neither the purposes of the issue preclusion doctrine itself nor those of the bankruptcy code. As to the former, requiring Marlee to address the elements of a nondischargeability claim would subject Marlee to very little cumulative or duplicative litigation; although Marlee incurred significant pretrial expense in its earlier suit, whatever discovery transpired was never put to use before the District Court. Marlee may readily marshall any of that material before this court now.

Additionally, from all that appears in the record, the Debtor suffered a default judgment only after he ran out of funds with which to pay counsel. A debtor should not be denied the protection of the bankruptcy code due to the very fact that he or she is insolvent. Nor should a debtor be denied a bankruptcy discharge until at least one court has ruled on the merits of any claim of improper conduct. This court is well-equipped to expeditiously resolve whether or not the actions of the Debtor fall within the nondischargeability provisions.

## B. GENUINE ISSUES OF MATERIAL FACT

Marlee contends that no genuine issues of material fact exist as to the elements necessary to sustain a finding of nondischargeability. This contention finds no support in the record. The Debtor has consistently denied any wrongdoing on his part, and has painstakingly countered each of the factual allegations in Marlee's adversary complaint. Whatever the merits of the parties' respective claims (and the court expresses no opinion on this issue), it is beyond peradventure that the facts are disputed.

## IV CONCLUSION

The doctrine of issue preclusion does not apply to a United States District Court default judgment when the parties have failed to actually litigate the issues sought to be precluded. Since the parties never litigated any of the elements necessary to sustain a finding of nondischargeability, issue preclusion does not apply in this case. Additionally, the parties remain in dispute over genuine issues of material fact. The court will therefore deny Marlee's motion for summary judgment. An appropriate order will issue.